UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON MOCKBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00548-SEB-MPB |
| | ) | |
| JOHN LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DISMISSING CASE**

Now before the Court is *pro se* Plaintiff Brandon Mockbee's third amended complaint and a motion asking the Court to screen it [Dkt. 47], as well as a motion for preliminary injunction [Dkt. 42], two motions to compel [Dkts. 44 and 51], two motions to appoint counsel [Dkt. 48 and 49], a motion for copies and to order the use of a typewriter [Dkt. 45], a motion to strike order on motion for extension of time to file [Dkt. 46], and a motion for ruling [Dkt. 50]. Mr. Mockbee is currently incarcerated in an Indiana state prison and this is his third attempt to craft a complaint that survives screening under 28 U.S.C. §§ 1915, 1915A. In general, Mr. Mockbee's allegations fall into two groups: first, that individuals involved in his criminal case violated his constitutional rights by, among other things, tampering with evidence and inaccurately transcribing court proceedings, and, second, that corrections officials have violated and continue to violate his constitutional rights by interfering with his personal and legal mail and denying his access to the courts. In this most recent iteration of his complaint, Mr. Mockbee has named David Lusby, Julie Pendergast, Dearborn County Sheriff Michael

1

Kreinhop, Rod McGownd, Wally Lewis, Denise Wilson, Anthony Bittner, Jennifer McAnninch, John Lee, and Dearborn County Chief Deputy Prosecutor Joseph Kisor as defendants.

### Complaint Screening Under 28 U.S.C. § 1915A

When "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court has an obligation to screen the plaintiff's complaint to ensure that it is sufficient, 28 U.S.C. § 1915A(a), and not "frivolous" or "malicious." *Id.* § 1915A(b). The Court must read Mr. Mockbee's complaint "liberally," which means that Mr. Mockbee's complaint should not be held to the same standard as one drafted by a lawyer. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Again, however, Mr. Mockbee's complaint falls short.

**First**, as we have previously explained to Mr. Mockbee in great detail, all of his claims relating to alleged tampering with the trial record in his criminal case fail because he has not secured a favorable termination of that matter and has not had his convictions set aside. *See* Dkt. 5 at 3-4 (explaining *Heck* bar and favorable-termination requirement for malicious-prosecution claims); Dkt. 23 at 3 (citing *Tatum v. Cimpl*, No. 14-cv-690-jdp, 2016 WL 3963250, at *2 (W.D. Wis. July 21, 2016) (holding § 1983 challenge to accuracy of criminal-case transcripts barred by *Heck*) ("What claim does plaintiff have against the court reporters that is independent of a challenge to the accuracy of those transcripts except as a basis to defend against criminal charges or challenge his conviction on appeal?")). As was also previously explained in our prior orders, this same conclusion applies to Mr. Mockbee's claims relating to his habitual offender charge, as,

contrary to Mr. Mockbee's belief, it can be retried. *See* Dkt. 23 at 3. Mr. Mockbee's claims related to his habitual offender charge are also dismissible on grounds of prosecutorial immunity as these claims are brought solely against Defendant Kisor, the prosecutor in Mr. Mockbee's criminal case, who is immune for his prosecutorial acts. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420–29 (1976)).

**Second**, Mr. Mockbee makes general complaints regarding the grievance procedures not being followed in the prison. Inmates do not, however, have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, "the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances 'by persons who otherwise did not cause or participate in the underlying conduct states no claim.'" *Champ v. Simmon*, No. 19-cv-00345-NJR, 2020 WL 584083, at *3 (S.D. Ill. Feb. 6, 2020) (quoting *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)). Additionally, "the failure of prison officials to follow their own procedures also does not, standing alone, violate the Constitution." *Id.* (citing *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992)). Accordingly, Mr. Mockbee's claims related to the grievance procedures not being followed must be dismissed.

**Third**, Mr. Mockbee claims that he was denied access to his legal property and to the law library, denied access to a typewriter, and prohibited from doing legal work. Mr. Mockbee does not, however, sufficiently state how any legal claim was prejudiced or identify the underlying claim that was lost by Defendants' alleged conduct. There is no

3

"abstract free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Here, Mr. Mockbee's amended complaint includes only general allegations of prejudice, which are not sufficient to state a claim. *See id.* (general allegations of prejudice in pending lawsuits did not state a claim).

**Fourth**, Mr. Mockbee has alleged that various Defendants interfered with, damaged, seized, and/or improperly opened his mail. As we recognized in screening Mr. Mockbee's previous complaints, jail inmates do have a constitutional right under the First Amendment to both send and receive nonlegal mail, subject to legitimate restrictions related to jail administration, such as security concerns. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Additionally, part of jail inmates' constitutional right of access to the courts under the Fourteenth Amendment includes a right to be free from prison officials unduly interfering with their legal mail. *Id.* However, even viewing Mr.

4

Mockbee's third amended complaint liberally, it contains only general and conclusory allegations that such rights have been violated and he has provided insufficient factual information to support these claims.

Mr. Mockbee's third amended complaint contains no specific allegations regarding any particular pieces of mail that he contends he was prevented from sending or receiving or that were opened or damaged, or the number of times he contends such interference occurred. It is well-recognized that "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) (quotation marks and citation omitted). The most specific allegation he sets forth is that his mother attempted to send him certain unidentified "legal mail" at the jail on "several times," but that that correspondence was returned to her. However, there is no indication of the reason that the mail was returned sufficient to permit an inference that the Sheriff or any other corrections staff defendant was in any way responsible.

With regard to his general allegations concerning his "legal mail" being opened outside his presence, Mr. Mockbee fails to explain whether such mail was correspondence with his attorney as opposed to public documents from a court and also fails to allege the approximate number of times he claims his legal mail was opened. Mr. Mockbee has thus failed to allege sufficient facts to permit an inference that he is entitled to relief on this claim. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010) (recognizing that communications to prisoners from courts and agencies to prisoners, unlike letters from prisoners' lawyers, are usually "public documents …which

5

the prison officials have as much right to read as the prisoner" and that "isolated interference" with lawyer communications does not rise to a constitutional violation).

For these reasons, Mr. Mockbee's complaint must be dismissed. This dismissal is with prejudice as Mr. Mockbee has been given multiple opportunities to file a complaint that survives screening and was previously warned that this would be his final opportunity to do so or his complaint would be dismissed with prejudice. Accordingly, Mr. Mockbee's third amended complaint is DISMISSED WITH PREJUDICE. All other pending motions [Dkt. Nos. 42, 44, 45, 46, 47, 48, 49, 50, and 51] are DENIED AS MOOT. Final judgment shall be issued accordingly.

IT IS SO ORDERED.

Date: 04/15/2020

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON MOCKBEE
262691
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only